IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TITLEMAX OF SOUTH CAROLINA, INC., | ) ) | CASE NO.: 4:24-cv-04714-JD |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM ORDER** |
| BRANDON HALIK, ROTANZA HURT, and STATE OF NORTH CAROLINA, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff TitleMax of South Carolina, Inc.'s Motion to Clarify and to Reopen Case (DE 67). The motion arises from the Court's July 21, 2025, Memorandum Order (DE 62), which dismissed this action without prejudice and granted Plaintiff leave to re-file within fourteen days.

For the reasons below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.      BACKGROUND

On July 21, 2025, the Court entered an Order dismissing Plaintiff's Complaint without prejudice. (DE 62.) In that Order, the Court denied Plaintiff's pending motion to amend as moot, dismissed the State of North Carolina on Eleventh Amendment grounds, and sua sponte dismissed Plaintiff's claims against Defendants Halik and Hurt under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.*) The Court also stated that Plaintiff was granted "leave to re-file an amended complaint within fourteen days of the date of this Order," and that "TitleMax remains free to assert in

1

any new action those claims it intended to include in its proposed amended pleading, should it choose to proceed that way." (DE 62.)

After the entry of the Order, the case was administratively closed. On August 5, 2025, Plaintiff filed a pleading styled as a First Amended Complaint. Because the case had been closed, that filing was removed from the docket. (DE 66.) After that, Plaintiff filed the present Motion seeking clarification of the Court's prior Order, reopening of the case, and reinstatement of the amended pleading, or, in the alternative, leave to refile in a new action. (DE 67.)

## II.     CLARIFICATION OF THE COURT'S JULY 21, 2025, ORDER

The Court agrees that clarification is appropriate. Although the July 21, 2025, Order used the phrase "amended complaint," the Court's intent was that Plaintiff file a *new civil action* asserting any revised or corrected claims, not that Plaintiff amend pleadings in this closed case. The Court's dismissal resolved all then-pending claims and terminated the entire action. The reference to "re-file" was intended to permit Plaintiff an opportunity to pursue its claims anew, free from prejudice, after correcting the deficiencies identified in the Court's Order.

To the extent the language of the Order may have created ambiguity, the Court clarifies that it did *not* intend to authorize the filing of an amended complaint in this closed case. Rather, Plaintiff could initiate a new action asserting any claims it believed were viable following dismissal.

### III.   MOTION TO REOPEN

In light of that clarification, the Court finds no basis to reopen this case. The case was properly closed following dismissal, and reopening is unnecessary to effectuate the Court's intent. Accordingly, Plaintiff's request to reopen the case and to reinstate the deleted filing is **DENIED**.

### IV.   EQUITABLE RELIEF

Notwithstanding the foregoing, the Court recognizes that Plaintiff acted promptly and in apparent good faith in attempting to comply with the July 21, 2025, Order, and that the ambiguity in the Order's phrasing may have contributed to Plaintiff's procedural misstep. To avoid any undue prejudice resulting from that ambiguity, the Court will grant limited equitable relief.

Plaintiff is expressly granted leave to file a **new civil action** asserting the claims outlined in its proposed amended pleading. Any such action shall be filed within **fourteen (14) days** of the date of this Order and shall be deemed timely for purposes of the Court's prior dismissal without prejudice. This ruling does not address, and should not be construed as expressing any view on, the merits of Plaintiff's claims or any defenses available to Defendants.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Clarify and to Reopen Case (DE 67) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent it seeks clarification of the Court's July 21, 2025, Order, and denied to the extent it seeks reopening of this case or reinstatement of filings herein. Plaintiff is granted leave, as set forth above, to proceed by filing a new civil action.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 16, 2026